636 F.2d 26
 9 O.S.H. Cas.(BNA) 1076, 1980 O.S.H.D. (CCH) P 24,998
Ray MARSHALL, Secretary of Labor, Petitioner,
v.
NORTHERN CONCRETE BLOCK, INC., and Occupational Safety and
Health Review Commission, Respondents.
 No. 198, Docket 80-4098.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 10, 1980.
Decided Dec. 5, 1980.
 
 Ann D. Nachbar, Atty., U. S. Dept. of Labor, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety & Health, Allen H. Feldman, Counsel for Appellate Litigation, Charles I. Hadden, Asst. Counsel for Appellate Litigation, U. S. Dept. of Labor, Washington, D. C., Francis V. LaRuffa, Regional Sol., New York City, of counsel), for petitioner.
 Paul A. Germain, Germain & Germain, Syracuse, N. Y. (Al J. Daniel, Appellate Section, Civil Division, U. S. Dept. of Justice, Washington, D. C., of counsel), for respondents.
 Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and HOLDEN, District Judge.*
 PER CURIAM:
 
 
 1
 Secretary of Labor Ray Marshall (the Secretary) petitions for review of an order of the Occupational Safety and Health Review Commission (the Commission), which dismissed the Secretary's complaint against Northern Concrete Block, Inc. For reasons set forth below, we deny the petition for review.
 
 
 2
 Northern manufactures concrete blocks in its factory in Fulton, New York. In March, 1979, a compliance officer of the Occupational Safety and Health Administration (OSHA) inspected Northern's factory. On April 18, 1979, the Secretary issued a citation to Northern, see 29 U.S.C. § 658(a), for allegedly exposing employees to excessive noise levels in a portion of the factory, in violation of 29 C.F.R. § 1910.95(b)(1). Northern filed a timely notice of contest on May 7, 1979, thus invoking the jurisdiction of the Commission, see 29 U.S.C. § 659(c). Then began a series of delays. The Secretary was required to file a complaint, particularizing his charges against Northern, within twenty days of his receipt of Northern's notice of contest. 29 C.F.R. § 2200.33(a)(1). But the Secretary twice requested delay because of unspecified "administrative difficulties," and finally filed his complaint early in July 1979. Northern timely filed its answer, denying the allegations of the complaint and raising as an affirmative defense the contentions that the two employees affected had sufficient hearing protection and that it was not economically feasible to reduce noise further in the manufacturing process.
 
 
 3
 In August 1980, the Commission assigned an administrative law judge (the ALJ) to hear the proceedings. Meanwhile, Northern retained the services of a noise expert to prepare for the coming hearing. In early November, the ALJ scheduled the case for a hearing on November 27, 1979. Northern requested that the hearing be held after December 10, because its primary officer would be out of the state until then. The ALJ rescheduled the hearing for December 17, but the Secretary then asked for a delay until after February 1, 1980. A hearing was then rescheduled again for February 13, 1980. Because its counsel would be unavailable on that date, Northern requested a week's postponement, and the case was reset for a third time for hearing on February 26, 1980. The Secretary then advised the ALJ that he would be unable to proceed on February 26, because he had not yet arranged for reinspection of Northern's factory by the "Secretary's noise consultant." Such a reinspection was, as the Secretary now admits, "essential" to his prima facie case. The Secretary thus requested another delay, this time to a date after March 17. This was denied by the ALJ. On February 26, 1980, the hearing was held, and the Secretary declined to proceed, again requesting adjournment. Northern then moved for dismissal, which motion the ALJ granted in a Decision and Order dated March 24, 1980. The Secretary then petitioned the full Commission for discretionary review, which was denied so that the ALJ's order became "the final order of the Commission." 29 U.S.C. § 661(i). This petition for review followed.
 
 
 4
 The parties agree that in reviewing the ALJ's (and thereby the Commission's) refusal to grant the Secretary a continuance we must determine whether there was an abuse of discretion. The ALJ stated at the February 26 hearing that "the record reveals a pattern of continual delay by the Secretary." This was an accurate observation. From the time he received Northern's notice of contest in early May 1979, the Secretary presumably knew what his brief in this court concedes: that he would have to "demonstrate the feasibility of engineering controls as an element of his prima facie case" against Northern, and that "since OSHA does not retain noise consultants on its staff, it was essential to obtain such an expert prior to the hearing." Nevertheless, in the nine and one-half months that followed, the Secretary simply failed to secure an expert reinspection. The ALJ pointed out that part of this failure was attributable in the first instance to OSHA, which, according to the Secretary, did not respond to his request for the names of qualified noise consultants for some five months. Another portion of this failure is attributable to the noise consultant chosen to reinspect Northern's factory; according to the ALJ, the consultant cancelled appointments and was "making everybody dance to his tune." The ALJ obviously felt, and we agree, that the Secretary must be responsible for the delays of both OSHA and the noise consultant, who are merely the Secretary's suppliers of expert testimonial services in this case. The Secretary must also be charged with the final responsibility for his inability, more than eleven months after the alleged violation was discovered, to make a prima facie case.
 
 
 5
 We are thus left with the ultimate question whether the ALJ abused his discretion in dismissing the complaint because of the Secretary's failure to be ready. We are aware that the Northern employees who have been, according to the Secretary, injured by this violation were ill-served by such a failure. So was Northern itself, which was forced to bear an unwarranted burden of protracted litigation and uncertainty. While not all of us might have ruled as the ALJ did, on the record considered as a whole, we cannot say that there was an abuse of discretion in the ALJ's decision to grant Northern's motion to dismiss.
 
 
 6
 The petition for review is denied.
 
 
 
 *
 Hon. James S. Holden, Chief Judge of the United States District Court for the District of Vermont, sitting by designation